**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**DIANE C. REDMOND**                                                                           **PLAINTIFF(S)**

vs                                                                           **CIVIL ACTION NO.  3:10CV-10 - S**

**ELIZABETHTOWN MOTORS, INC.**                                      **DEFENDANT(S)**

## ORDER

       **Pursuant to 28 U.S.C. §636(b)(1)(A)**, this matter is hereby referred to Hon. James D. Moyer, United States Magistrate Judge, for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and disposition of all non-dispositive matters, including discovery issues.  The Magistrate Judge is authorized and empowered to conduct all necessary scheduling conferences, hearings or other proceedings which in his discretion he deems necessary in order to properly address the issues which arise in the course of this litigation.

       **The Magistrate Judge will conduct a Rule 16 Scheduling Conference in his Chambers, Room 208,  Gene Snyder Courthouse Building, Sixth and Broadway Streets, Louisville, Kentucky, at 11:30 A.M. on Wednesday, April 14, 2010.  Counsel who will try the case shall attend.** Exceptions to this requirement shall be with the understanding that counsel who participate on behalf of any party (l) shall be fully prepared to discuss all aspects of the case with respect to the matters to be scheduled, (1) shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered, and (3) shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. Fed. R. Civ. P. 16(c) and (f).

       **Counsel are reminded of their continuing responsibility to file corporate disclosure statements as required by Fed.R.Civ.P. 7.1 during the life of this litigation.**

       **Counsel's Attention is directed to the remainder of this Order which outlines preparation to be completed prior to attending the conference,  in particular those items in Paragraphs I and IV.**

Counsel who practice outside of Jefferson County, Kentucky, may participate telephonically upon request. Requests for telephonic participation shall be made to the court's courtroom clerk, Nadine Smith, at (502)625-3536**, no later than seven (7) days prior to the conference.  No cell phone participation will be permitted.  Requests for a change of the conference date should also be addressed to Ms. Smith.**

## I. PRE-CONFERENCE PLANNING MEETING

Fed. R. Civ. P. 26(f) is applicable to this case. It requires that the parties or their counsel meet and confer **at least twenty-one (21) days before the scheduling conference.** The meeting may be by teleconference. At this meeting, the following subjects will be discussed:

1. Nature and basis of claims and defenses.
2. Possibility of settlement.
3. Automatic required initial disclosures under Fed. R. Civ. P. 26(a)(l).
4. Development of a discovery plan.

**Within fourteen (14) days after the meeting,** one party shall, by agreement, file a written report of the planning meeting which shall substantially conform to Official Form 52 (Federal Civil Judicial Procedure and Rules) It shall contain the proposed agreed discovery plan.

## II. AUTOMATIC INITIAL REQUIRED DISCLOSURES

Fed. R. Civ. P. 26(a)(l) is applicable to this case. The automatic initial required disclosures shall be made **at or within fourteen (14) days after the planning meeting, unless otherwise agreed or ordered by the court.**

2

### III. SCHEDULING CONFERENCE AGENDA

The agenda for the conference shall include all of the items set forth in Rule l6(c), Federal Rules of Civil Procedure, including but not limited to:

1. The formulation and simplification of the issues.
2. Admissions of fact, stipulations, and avoidance of cumulative evidence.
3. Consideration of the discovery plan and review of the automatic initial required disclosures.
4. The possibility of settlement or the use of alternative methods of dispute resolution, including mediation.
5. The need to adopt special procedures for managing potentially difficult or complex issues.

Further, at the scheduling conference, the court will set dates for (l) amendment to the pleadings and joinder of parties; (2) completion of discovery; (3)disclosure of testimony, including production of the written reports of experts required by Rule 26(a)(2), and, with respect to treating physicians, disclosure of the substance of the facts and opinions to which the physician is expected to testify, and a summary of the grounds for each opinion; and (4) filing of dispositive motions, i.e., motions to dismiss and for summary judgment.

### IV. CONFERENCE STATEMENT

Each party shall file with the court and serve upon opposing counsel, **no later than seven (7) days prior to the scheduling conference**, a conference statement. The conference statement shall include:

3

1. A brief summary of the essentials of the case in simple terms.
2. The party's position on the various agenda items.
3. Suggestions to facilitate a just, speedy and inexpensive disposition of this matter.

## V. INTERVENING PARTIES

Parties permitted to intervene hereafter shall be bound by the scheduling order, including the litigation plan, unless it is otherwise so ordered.

## VI. SETTLEMENT CONFERENCE

**The Magistrate Judge is further authorized to conduct a settlement conference in this matter at any time should counsel indicate that a conference would be helpful in resolving the issues.**

IT IS SO ORDERED this 5th day of February, 2010.

                                  ENTERED BY ORDER OF COURT:
                                  **CHARLES R. SIMPSON III, JUDGE**
                                  **UNITED STATES DISTRICT COURT**
                                    JEFFREY A. APPERSON CLERK

                                  By   /s/   Nadine C. Smith
                                          Deputy Clerk

cc: Counsel of Record