UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DIANE C. REDMOND                                                      PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:10CV-10-S

ELIZABETHTOWN MOTORS, INC. d/b/a
HARDIN COUNTY HONDA                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion of defendant Elizabethtown Motors, Inc. d/b/a Hardin County Honda ("HCH") for an order authorizing it to obtain and use plaintiff's consumer credit report, pursuant to 15 U.S.C. § 1681b(a)(1)(DN 11). In this action, the plaintiff, Diane C. Redmond, alleges violation by HCH of the Fair Credit Reporting Act, 15 U.S.C. § 1681a, *et seq.* ("FCRA") by HCH.

Redmond visited HCH on August 18, 2009 and test-drove a 2009 Honda Accord. At that time she discussed the purchase of the vehicle with a salesman, Russell Meredith. Redmond had previously purchased a Honda Accord from HCH. On the first occasion she applied for financing with HCH, but ultimately financed the purchase through her credit union. In this second instance, Redmond alleges that she told HCH personnel that she would obtain financing through her credit union if she decided to by the 2009 vehicle. She contends that without her knowledge or consent, HCH obtained and used her credit report in violation of the FCRA. She claims that her credit score was "damaged eight points" by the unauthorized inquiry. She filed this action to recover for this purported injury to her credit score and for injury to her emotional well-being allegedly caused by

the violation.  HCH contends that Redmond asked if she would qualify for special financing then being offered by Honda, but that it was determined that she did not qualify.

The dispute presently before the court arose during the taking of Redmond's deposition at which counsel for HCH produced Redmond's credit report.  Redmond's counsel objected to counsel's possession of the document and instructed Redmond not to answer questions concerning her credit report.

HCH moved for an order authorizing its counsel to "obtain and use" Redmond's credit report pursuant § 1681b(a)(1).  It seeks authorization with respect to the report which it furnished to its counsel, and additional reports which may be sought from a credit reporting agency.

HCH sought this order after receiving a letter from Redmond's counsel stating:

> Summarizing events which occurred at my client's deposition Friday, May 7, 2010:
>
> You stated on the record you had read Ms. Redmond's consumer report.
>
> You produced a copy of Ms. Redmond's consumer report, marked it and intended on questioning her about it and introducing it as an exhibit.  Only after being strongly cautioned did you wisely decline to introduce it as an exhibit.
>
> As you requested, see e.g., *Chester v.Purvis*, 260 F.Supp.2d 711 (S.D.Ind. 2003); *Rodgers v. McCullough*, 296 F.Supp.2d 895 (W.D.Tn. 2003) and *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998);  15 U.S.C. 1681b(f).  Your client unlawfully obtained and used Ms. Redmond's credit report in order to gain a tactical advantage in a commercial transaction and compounded that unlawful act by furnishing a copy to you which you then used, clearly in an effort to gain an advantage in a civil action.
>
> You have violated our client's privacy rights and rights under the FCRA, vesting in her a new cause of action.  This also likely places you in a conflict situation with your own client but that is an issue you will have to address.  If you wish to discuss a resolution to this, please advise, otherwise, we intend on amending the complaint accordingly....

May 10, 2010 Letter  (DN 11-2).

Specifically, HCH requests that the court (1) declare that it has a legitimate business need to obtain and use Redmond's credit report, and (2) authorize that HCH and its attorneys may obtain and use reports already in its possession, from a credit reporting agency or from any third party. Tendered Order (DN 11-4).

The cases cited by Redmond are distinguishable from the matter before us. *Rodgers, supra.* involved an attorney's use of a credit report in a custody dispute in an apparent attempt to suggest that the individual was an irresponsible parent. In *Duncan, supra.*, counsel utilized a credit report in the deposition of a mortgagee who had sued the mortgagor bank for negligence in failing to inspect a well. In both cases, the credit report in question clearly bore no relation to the lawsuit in which it was raised.

In *Chester v. Purvis*, *supra.*, suit had been filed against counsel who used a credit report in defending Priority Financial Services in a Fair Debt Collection Practices Act case. Counsel argued that he had obtained and used the report for a "proper purpose" under § 1881b(a). However, he admitted that he used the report to "refresh Chester's recollection, to test his effectiveness as a class representative, to test him as a witness, and to ascertain his ability to pay costs". 260 F.Supp.2d at 718. The court found no permissible purpose among those asserted. "The ability to pay costs" or "effectiveness as a class representative" are clearly not contemplated by the statute.[1]

The case at bar, however, differs markedly from the cited cases. This complaint alleges that HCH wrongfully obtained Redmond's credit report, and that Redmond suffered an injury to her credit score as a result. She alleges specifically that her credit score was "damaged by eight points." HCH provided to its counsel the document which is the subject of this suit. Counsel sought to ask

---

[1] Nor is this district court case binding authority for this court.

Redmond a number of questions relating to the document, but was prevented from doing so by Redmond's counsel. The substance of these questions is unknown. Thus cases in which it was discerned that a credit report had been used for an impermissible purpose are of no assistance.

The very subject of this case is the credit report which was obtained by HCH. HCH was clearly within its right to provide its counsel the purportedly offending item and for counsel to seek relevant information concerning the document. We do not know, however, whether relevant discovery was, in fact sought, as the questions relating to the report were never posed. Suffice it to say that HCH may discover of the plaintiff the foundation for her claims concerning the credit report since she alleges that her credit report was wrongfully obtained and that her credit score was damaged by this conduct. *See, ie., Spence v. TRW, Inc.*, 92 F.3d 380, 383 (6th Cir. 1996)("The filing of the lawsuit obviously gave TRW reason to believe that MichCon had a 'legitimate business need' for the report, such need having arisen in connection with the preparation of MichCon's defense to the lawsuit.").

Redmond has put her credit score in issue. Thus HCH is entitled to discovery concerning her score both before and after the alleged wrongful conduct. Redmond has quantified the injury which she claims resulted from HCH's accessing of her credit report. Thus HCH is entitled to probe the claim and delve into Redmond's credit score and the information which went into its formulation in order to ascertain what caused the alleged injury, if any. The parties may agree or Redmond may seek an order of the court that permits this inquiry to be made under seal.

A credit reporting agency may furnish a credit report in response to an order of a court having jurisdiction to issue such an order. § 1681b(a)(1). As noted in *Hahn v. Star Bank*, 190 F.3d 708, 713 (6th Cir. 1999), a subpoena meets this requirement. (*quoting, In re Grand Jury*

- 5 -

*Proceedings*, 503 F.Supp. 9, 12 (D.N.J.1980)(reasoning that an "order of a court" under this section of FCRA may be oral, may be a paper bearing the word "order" that is "signed by a judge or other judicial officer[,][o]r it may be a subpoena, writ of execution or other process.").

The FCRA provides at § 1681b(f) that a person may not use or obtain a credit report from a credit agency unless it is obtained for a purpose authorized by the FCRA and the purpose is certified by the prospective user in accordance with § 1681e.

The court will decline to order the production of additional credit reports in the absence of a showing of the relevance of such reports.  Unlike the report already obtained by HCH which is the very subject of the litigation, more need be shown in order to establish an authorized purpose for the production of any additional reports.

Motion having been made and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Elizabethtown Motors, Inc. d/b/a Hardin County Honda, for an order authorizing the obtaining and use of plaintiff's consumer report (DN 11) is **GRANTED IN PART AND DENIED IN PART.**  The motion is granted to the extent that it seeks authorization for the possession and use of consumer report in issue in this action.  In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED.**